WAGNER CHOI & VERBRUGGE
Attorneys at Law

JAMES A. WAGNER
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: jwagner@hibklaw.com

Proposed Attorney for Debtor
and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>GROVE FARM FISH & POI, LLC,<br>dba HUKILAU FOODS,<br><br>      Debtor and<br>      Debtor-in-Possession.<br><br>65019 | BK. NO. *10-03340*<br>(Chapter 11)<br><br>MOTION FOR ORDER ESTABLISHING INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES; EXHIBIT "A" (PROPOSED ORDER); MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF RYAN MURASHIGE IN SUPPORT OF MOTION; DECLARATION OF JAMES A. WAGNER IN SUPPORT OF MOTION<br><br>HEARING<br>DATE:<br>TIME:<br>JUDGE: The Hon. Robert J. Faris |

MOTION FOR ORDER ESTABLISHING INTERIM FEE
APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES

GROVE FARM FISH & POI, LLC, dba HUKILAU FOODS, debtor-

in-possession (the "Debtor" or the "Company"), hereby moves this Court for the entry of an order establishing interim fee application and expense reimbursement procedures in the form of the proposed order attached hereto as Exhibit "A."

In particular, the Debtor requests that the Court approve a procedure whereby ( i) all professionals employed in this case by order of the Court will be authorized to serve (but not file) upon the Debtor, the Office of the United States Trustee, the DIP Lender, and any Unsecured Creditors Committee (the "Committee") appointed in this case, on a monthly basis, an itemized statement, in the form and with the content generally accepted by the Bankruptcy Court, setting forth the date, the nature of the services rendered, and the time expended by each professional for which fees are requested; (ii) if no written objection to the statement is made by any of the parties served with the itemized statement within fourteen (14) days of service of the itemized statement, the Debtor shall be authorized to pay 100% of the costs and 80% of the fees requested to the professionals; (iii) the Debtor shall be further authorized to withhold payment for any item of compensation (whether for fees or for costs) requested for which a written objection is timely made pending resolution of the objection; and (iv) the professionals may file applications with the Court, not less than every 120 days, pursuant to Section 330 of the Bankruptcy Code , Fed. R. Bankr. Proc. 2016, and LBR 2016, which applications shall set forth the full amount of compensation and reimbursement of costs and expenses requested, including such amounts previously

paid, for consideration by the Court at a duly noticed hearing for that purpose.

In addition, it is anticipated that members of a Committee may each incur out-of-pocket expenses associated with participating in this Chapter 11 case and serving as a member of the Committee. Such expenses may include, but are not limited to travel, hotel and meal expenses. The Debtor believes it is necessary and appropriate to establish a procedure for the reimbursement of such expenses. On a periodic basis, no more frequently than monthly, each representative of a Committee member (not to exceed one representative per Committee member unless authorized in advance by the Debtor) shall submit to the Debtor and the Committee an itemized statement setting forth the expenses for which reimbursement is requested. The Debtor proposes to reimburse 100% of such expenses if it finds the statement is in order. Upon request of the Debtor, the person requesting reimbursement shall be required to provide copies of the invoices or receipts for such expenses in excess of $50.00.

This motion is made pursuant to Section 331 of the Bankruptcy Code, and is based upon the record in this case and the attached Memorandum in Support of Motion and the attached Declaration of Ryan Murashige, and such argument of counsel as may be made at the hearing on the motion.

DATED: Honolulu, Hawaii, November 1, 2010.

/s/ James A. Wagner
JAMES A. WAGNER
Proposed Attorney for Debtor and
Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>GROVE FARM FISH & POI, LLC, dba<br>HUKILAU FOODS,<br><br>   Debtor and<br>Debtor-in-Possession. | ) BK. NO. _10-03340_<br>) (Chapter 11)<br>)<br>) ORDER ESTABLISHING INTERIM<br>) FEE APPLICATION AND EXPENSE<br>) REIMBURSEMENT PROCEDURES<br>)<br>) DATE:<br>) TIME:<br>) JUDGE: The Hon. Robert J. Faris |

ORDER ESTABLISHING INTERIM FEE APPLICATION
AND EXPENSE REIMBURSEMENT PROCEDURES

The Motion For Order Establishing Interim Fee Application and Expense Reimbursement Procedures ("Motion") filed by Grove Farm Fish & Poi, LLC., dba Hukilau Foods, debtor and debtor-in-possession ("Debtor"), came on for hearing on _____, 2010, before the Honorable Robert J. Faris. James A. Wagner appeared for the Debtor. Other appearances were noted on the record in this case. The Court having considered the Motion, and having heard the argument of counsel, and good cause appearing therefor,

**IT IS HEREBY ORDERED:**

  1.  The Motion is hereby APPROVED.

# EXHIBIT A

2. All professionals employed at the expense of the estate in this case (the "Professionals"), may participate in the interim compensation procedure set forth herein as follows:

    a. Professionals are authorized to serve upon the Debtor, Office of the United States Trustee, the DIP Lender, and the Committee (if and when one is created) (collectively, the "Notice Parties"), on a monthly basis, an itemized monthly statement ("Interim Fee Statement") in the form and with the content that satisfies the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and LBR 2016, setting forth the date, the nature of the services rendered, and the time expended by each professional for which fees are requested. The Interim Fee Statement need not be filed with the Court.

    b. If no written objection ("Objection") is served within 14 days of service of the Interim Fee Statement by any of the Notice Parties, the Debtor shall be authorized to pay 100% of the costs and 80% of the fees requested to the Professionals. Any Objection must be served on the professional who submitted the interim fee statement, and all of the Notice Parties, but need not be filed with the Court.

    c. If a timely Objection to an Interim Fee Statement is made, the affected professional and the objecting party shall attempt to resolve the Objection. The Debtor shall pay that portion of the Interim Fee Statement of the affected professional which is undisputed pending resolution of the Objection. If the parties cannot resolve the Objection, the matter will be resolved by the Court.

    d. To be eligible to receive payments under this interim

2

compensation procedure, Professionals must file interim fee applications with the Court, not less than once every six months from the date of retention. Any interim application shall set forth the full amount of compensation and reimbursement of costs and expenses requested, including that previously paid. Failure to file interim fee applications in accordance with this procedure will disqualify the professional from seeking compensation on a monthly basis until the professional complies with this procedure.

3. Members of any Unsecured Creditors' Committee appointed in this case may seek reimbursement from the Debtor for reasonable expenses incurred in discharging their duties by serving upon the Notice Parties, an itemized statement setting forth the expenses for which reimbursement is requested. The Debtor shall be authorized to reimburse 100% of such expenses if they find the statement is in order. Upon request of the Debtor, the person requesting reimbursement shall be required to provide copies of the invoices or receipts for such expenses in excess of $50.00. Unless authorized in advance by the Debtor, or otherwise ordered by the Court, only one representative per Committee member is authorized to seek reimbursement of expenses for any particular meeting. Committee member expenses need not be approved

3

U.S. Bankruptcy Court - Hawaii   #10-03340   Dkt # 6   Filed 11/01/10   Page 7 of 20

pursuant to any interim or final fee application process, unless necessary to resolve any pending objection to a reimbursement request.

*In re Grove Farm Fish & Poi, LLC., dba Hukilau Foods*; Bk. No. 10-03340,
ORDER ESTABLISHING INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES

4

U.S. Bankruptcy Court - Hawaii  #10-03340  Dkt # 6  Filed 11/01/10  Page 8 of 20

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | ) BK. NO. 10-03340 |
| :--- | :--- |
| | ) (Chapter 11) |
| GROVE FARM FISH & POI, LLC, | ) |
| dba HUKILAU FOODS, | ) |
| | ) |
| Debtor and | ) |
| Debtor-in-Possession. | ) HEARING |
| | ) DATE: |
| | ) TIME: |
| | ) JUDGE: The Hon. Robert J. Faris |
| | ) |

## MEMORANDUM IN SUPPORT OF MOTION

In support of its Motion for Order Establishing Interim Fee Application and Expense Reimbursement Procedures, Grove Farm Fish & Poi, LLC, dba Hukilau Foods, debtor and debtor-in-possession ("Debtor" or "Company"), respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before the Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion is made pursuant to 11 U.S.C. § 331, Bankruptcy Rule 2016, and LBR 2016.

## BACKGROUND

4. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on November 1, 2010.

5. The Debtor continues to operate its businesses pursuant to 11 U.S.C. § 1107 and 1108.

6. No creditors' committee has yet been appointed in this case.

7. The Omnibus Declaration of Reiko Yoshida in Support of First Day Motions filed contemporaneously herein is incorporated herein by reference.

## RELIEF REQUESTED

8. In connection with the administration of this Chapter 11 case, the Debtor will seek immediate authorization to hire Wagner Choi & Verbrugge as bankruptcy counsel. The Debtor may also be employing accountants and other professionals (collectively, "Professionals"), as necessary.

9. Furthermore, in the event that an Unsecured Creditors' Committee (the "Committee") is formed, the Committee will also be employing Professionals. Members of the Committee may also seek reimbursement for out-of-pocket expenses from the Debtor.

10. Given the size and complexity of this case, the Debtor anticipates the need for a substantial amount of assistance from the Professionals,

which in turn will generate a significant amount of fees and costs on a monthly basis during the course of this case.

11. If payment to the Professionals is delayed until quarterly fee applications are approved, the Professionals effectively will be forced to finance a significant portion of the administration of this case. The Debtor understands that this would place an undue hardship on the Professionals.

12. The Debtor believes that it is necessary and appropriate to establish a procedure for paying interim compensation on a monthly basis to all Professionals whose employment on a continuing basis has been duly authorized by this Court. The absence of a procedure for frequently awarding interim compensation could cause undue financial burdens on Professionals or might discourage other Professionals whose services the Debtor might require from accepting or continuing employment in this case.

13. The Debtor believes that it is capable of paying on a monthly basis all professional fees and expenses incurred for services rendered by the Professionals: ( i) without jeopardizing payment of any of the other post-petition operating expenses for which the Debtor is seeking authority to use cash collateral; and (ii) without prejudicing the payment of any other allowed administrative claims in this case.

14. The interim fee procedure outlined herein is appropriate under the Bankruptcy Code. Section 331 of the Bankruptcy Code provides as follows:

3

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, <u>or more often if the court permits</u>, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. <u>After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement</u>.

11 U.S.C. § 331 (emphasis added).

    1.    Section 102(1) provides that "after notice and a hearing":

> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>
> (B) authorizes an act without an actual hearing if such notice is given properly and if –
>
>> ( i ) such a hearing is not requested timely by a party in interest . . .

11 U.S.C. § 102(1).

    15.    As the Bankruptcy Appellate Panel for the Ninth Circuit has observed, one cannot ignore "the problem, arising especially in large cases, that when counsel must wait an extended period for payment, counsel is essentially compelled to finance the reorganization. This result is improper and may discourage qualified practitioners from participating in bankruptcy cases; a result that is clearly contrary to Congressional intent." <u>United States Trustee v. Knudsen</u>

4

Corp. (In re Knudsen Corp.), 84 B.R. 668, 672 (9th Cir. B.A.P. 1988) (footnote omitted).

16. That Congressional intent is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursements to the applicant of compensation that is otherwise allowable under section 330.

H.R. Rep. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. 989, 95th Cong., 2d Sess. 41-2 (1978).

17. The Debtor believes it appropriate for the Court to adopt the following procedure for awarding interim compensation and reimbursement of expenses to all Professionals employed at the expense of the estate in this case pursuant to an order of this Court:

    a. Professionals shall be authorized to serve upon the Debtor, Office of the United States Trustee, the DIP Lender, and the Committee (if and when one is created) (collectively, the "Notice Parties"), on a monthly basis, an itemized monthly statement ("Interim Fee Statement") in the form and with the content that satisfies the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and LBR 2016, setting forth the date, the nature of the services rendered, and the time expended by each professional for which fees are requested. The Interim Fee Statement need not be filed with the Court.

5

b.  If no written objection ("Objection") is served within 14 days of service of the Interim Fee Statement by any of the Notice Parties, the Debtor shall be authorized to pay 100% of the costs and 80% of the fees requested to the Professionals. Any Objection must be served on the professional who submitted the interim fee statement, and all of the Notice Parties, but need not be filed with the Court.

c.  If a timely Objection to an Interim Fee Statement is made, the affected professional and the objecting party shall attempt to resolve the Objection. The Debtor shall pay that portion of the Interim Fee Statement of the affected professional which is undisputed pending resolution of the Objection. If the parties cannot resolve the Objection, the matter will be resolved by the Court.

d.  To be eligible to receive payments under this interim compensation procedure, Professionals must file interim fee applications with the Court, not less than once every six months from the date of retention. Any interim application shall set forth the full amount of compensation and reimbursement of costs and expenses requested, including that previously paid. Failure to file interim fee applications in accordance with this procedure will disqualify the professional from seeking compensation on a monthly basis until the professional complies with this procedure.

18. Finally, the Debtor anticipates that members of any Committee will each incur out-of-pocket expenses associated with serving as a member of the Committee. The Debtor believes it is necessary and appropriate to establish a procedure for the reimbursement of such expenses. On a periodic basis, no more

6

frequently than monthly, each representative of a Committee member (not to exceed one representative per Committee member unless authorized in advance by the Debtor) shall serve upon the Notice Parties an itemized statement setting forth the expenses for which reimbursement is requested. The Debtor proposes to reimburse 100% of such expenses if they find the statement is in order. Upon request of the Debtor, the person requesting reimbursement shall be required to provide copies of the invoices or receipts for such expenses in excess of $50.00. Committee member expenses need not be approved pursuant to any interim or final fee application process, unless necessary to resolve any pending objection to a reimbursement request.

19. The interim fee procedure outlined herein is appropriate under the Bankruptcy Code. This Court has adopted this procedure in other large cases filed in this district. *See, e.g., In re The Honolulu Medical Group, Inc.; Bk. No. 09-02566; In re Pomare, Ltd.; Bk. No. 08-01338; In re Aloha Airlines, Inc.; Bk. No. 08-00337 (Bankr.D.Haw. 2008); In re Azabu Buildings Company, Ltd.*, Bk. No. 05-50011, (Bankr. D.Haw. 2005).

## CONCLUSION

**WHEREFORE,** the Debtor requests that this Court enter an order in the form attached hereto as Exhibit "A," establishing interim fee application and expense reimbursement procedures as described above, and for such other and further relief as this Court deems just.

7

DATED: Honolulu, Hawaii, November 1, 2010

/s/ James A. Wagner
JAMES A. WAGNER
Proposed Attorney for Debtor and
Debtor-in-Possession

8

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | ) | BK. NO. 10-03340 |
|---|---|---|
| | ) | (Chapter 11) |
| GROVE FARM FISH & POI, LLC, dba | ) | |
| HUKILAU FOODS, | ) | |
| | ) | |
| Debtor and | ) | |
| Debtor-in-Possession. | ) | |
| | ) | |

## DECLARATION OF RYAN MURASHIGE

I, Ryan Murashige, hereby declare that, if called as a witness in this action, I could and would testify competently of my own personal knowledge as follows:

1. I am the President of Grove Farm Fish & Poi, LLC, dba Hukilau Foods ("Company").

2. I have reviewed the Memorandum in Support of Motion for Order Establishing Interim Fee Application and Expense Reimbursement Procedures ("Memorandum"). All of the facts set forth in the Memorandum are true and correct to the best of my knowledge, information and belief.

//

//

//

3. I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: Honolulu, Hawaii, November 1, 2010..

_____
RYAN MURASHIGE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | ) | BK. NO. 10-03340 |
| --- | --- | --- |
| | ) | (Chapter 11) |
| GROVE FARM FISH & POI, LLC, dba | ) | |
| HUKILAU FOODS, | ) | DECLARATION OF JAMES A. WAGNER IN SUPPORT OF MOTION |
| | ) | |
| Debtor and | ) | |
| Debtor-in-Possession. | ) | |
| | ) | |
| | ) | |

## **DECLARATION OF JAMES A. WAGNER**

I, JAMES A. WAGNER, hereby declare under penalty of perjury that:

1. I am an attorney duly licensed to practice before all courts of the State of Hawaii and before the United States District Court for the District of Hawaii, and am a partner in the law firm of Wagner Choi & Verbrugge ("Firm"), proposed counsel for Grove Farm Fish & Poi, LLC, dba Hukilau Foods, debtor and debtor-in-possession ("Debtor"). I have personal knowledge of the facts stated herein and would competently testify thereto if called as a witness.

2. I have reviewed the Memorandum in Support of the Motion for Order Establishing Interim Fee Application and Expense Reimbursement Procedures, and to the best of my knowledge. The Debtor's retention of the Firm in this case would work a hardship on the firm if the Firm could only be paid on a

quarterly basis.

3. The Firm is comprised of three partners and one associate. The size and complexity of this case is likely to involve all members of the firm at some stages, and at least two or more members of the Firm for substantial periods of the case.

4. The proposed interim procedures have worked successfully in other cases, and the Firm has complied with similar interim procedures implemented in other cases.

DATED: Honolulu, Hawaii, November 1, 2010.

/s/ James A. Wagner
JAMES A. WAGNER