WAGNER CHOI & VERBRUGGE
Attorneys at Law

JAMES A. WAGNER
745 Fort Street, Suite 1900 Honolulu, Hawaii 96813
Telephone: (808) 533-1877 Fax: (808) 566-6900
Email: jwagner@hibklaw.com

Proposed Attorney for Debtor
and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>GROVE FARM FISH & POI, LLC,<br>dba HUKILAU FOODS<br>      Debtor and Debtor-in-<br>      possession.<br><br>64986 | Case No. _10-03340_<br>(Chapter 11)<br><br>Judge: Hon. Robert J. Faris |

DEBTOR'S EX PARTE MOTION FOR EXPEDITED
HEARING ON "FIRST DAY" MOTIONS AND APPLICATIONS

GROVE FARM FISH & POI, LLC, dba HUKILAU FOODS, Debtor and Debtor in Possession ("Debtor" or "Company"), filed this motion seeking the entry of an order scheduling a hearing ("First Day Hearing") on November 2, 2010, or at the Court's earliest opportunity, on various motions and applications that the Debtor requires to be heard to minimize disruption to the Debtor's operations,

which are listed in the Proposed First Day Agenda, a true and correct copy of which is attached hereto as Exhibit "A" ("First Day Motions").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before the Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion is made pursuant to 11 U.S.C. § 105, Bankruptcy Rule 9006(c), and LBR 9013-1(b)(4).

## BACKGROUND

4. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on November 1, 2010.

5. The Debtor continues to operate its businesses pursuant to 11 U.S.C. § 1107 and 1108.

6. No creditors' committee has yet been appointed in this case.

7. The Omnibus Declaration of Reiko Yoshida in Support of First Day Motions filed contemporaneously herein is incorporated herein by reference. Defined terms herein have the meaning set forth in the Yoshida

Declaration.

## RELIEF REQUESTED

8. The Debtor seeks the entry of an order scheduling the First Day Motions listed in the attached Exhibit "A" for 10:30 a.m. on November 2, 2010. The Debtor requests relief on an emergency basis with respect to those motions that are essential to the uninterrupted functioning of the Debtor's business operations.

9. The relief requested in the First Day Motions is only that relief which the Debtor deems absolutely essential to its operations, and without which - even for a short period of time - the Debtor fears its operations could be significantly disrupted. For example, the First Day Motions include motions that seek authority to approve a DIP loan and use cash collateral (on an interim basis), pay pre-petition wages, and applications to retain counsel (on an interim basis) necessary for the Debtor to navigate through the administration of its case.

10. LBR 9013-1(b)(4) allows the Court to shorten time for notice of any hearing. It is critical to the Debtor's business operations that the Court schedule the First Day Hearing, and allow the Debtor to provide the notice of the First Day Hearing and First Day Motions to the creditors and parties-in-interest, as set forth below, on an expedited basis.

11. In other cases in this jurisdiction, this Court has scheduled

3

U.S. Bankruptcy Court - Hawaii    #10-03340    Dkt # 11    Filed 11/01/10    Page 3 of 8

"first day" motions on the same date a voluntary petition is filed. *See, In re The Honolulu Medical Group, Inc.*, Bk. No. 08-01448; *In re Pomare, Ltd.*, Bk. No. 08-01448; *In re Aloha Airlines, Inc., et al., Case No. 08-00337* (March 20, 2008).

13. The Debtor, through its counsel or otherwise, proposes to provide notice of the hearing to consider the First Day Motions by telephone, facsimile, hand delivery, or electronic mail, to at least the following parties:

    a. Office of the United States Trustee

    b. Debtor's twenty largest unsecured creditors

    c. Hawaii State Tax Collector

    d. Internal Revenue Service

    e. Debtor's secured lender, United States of America, National Oceanic and Atmospheric Administration, National Marine Fisheries Services, Financial Services Division

    f. Debtor's members, John R. Cates and Visionary, LLC

    g. The proposed DIP lender, Visionary, LLC

    h. State of Hawaii, Department of Land and Natural Resources and Department of Agriculture, the Debtor's lessor

14. Additionally, at the time the Petition and the First Day

4

Motions were filed on November 1, 2010, copies of all the First Day Motions (but not the Notice of Hearing) were served on the creditors and parties in interest listed above, by mail, hand delivery, facsimile, or electronic mail transmission.

15. The Debtor submits that based upon the foregoing, cause exists to schedule a hearing to consider the First Day Motions on November 2, 2010, or as soon thereafter as possible.

WHEREFORE, the Debtor respectfully requests that this Court enter an order scheduling the First Day Hearing on November 2, 2010, or as soon thereafter as is practicable, and authorizing the Debtor to provide notice of the First Day Hearing and the First Day Motions as proposed herein.

DATED: Honolulu, Hawaii, November 1, 2010.

/s/ James A. Wagner
JAMES A. WAGNER
Proposed Attorney for Debtor and Debtor-in-Possession

5

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | Case No. 10-03340 |
|---|---|
| GROVE FARM FISH & POI, LLC, dba HUKILAU FOODS | (Chapter 11) |
| Debtor and Debtor-in-possession | Judge: Hon. Robert J. Faris |

## DECLARATION OF JAMES A. WAGNER

I, JAMES A. WAGNER, declare, under penalty of perjury, that:

1. I am a Partner of the law firm Wagner Choi & Verbrugge ("WCV"). The Debtor has filed an application seeking to retain WCV, and I am one of the attorneys working on this case.

2. I make this declaration in support of Debtor's Ex Parte Motion for Expedited Hearing on "First Day" Motions and Applications ("Motion"), and pursuant to LBR 9013-1(b)(4).

3. I have drafted or supervised the drafting of the First Day Motions. Based upon the facts and circumstances set forth in the First Day Motions, I believe the Debtor needs the relief sought in those Motions in order to minimize the level of disruption and damage to the Debtor that might occur if the First Day Motions were not heard as soon as possible.

4. Based upon the exigencies involved, as of the date of this Declaration, I have spoken to counsel for the Office of the United States Trustee ("UST") and the UST does not object to the requested expedited hearing. Counsel for the Debtor's secured creditor and for the proposed DIP lender also do not object to the requested expedited hearing.

5. I, or someone from my office, will attempt to contact the creditors on the list of the Debtor's twenty largest unsecured creditors and the Debtor's members in advance of the hearing scheduled by the Court to consider the First Day Motions.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: Honolulu, Hawaii, <u>November 1, 2010</u>.

<u>/s/ James A. Wagner</u>
JAMES A. WAGNER

2

U.S. Bankruptcy Court - Hawaii   #10-03340   Dkt # 11   Filed 11/01/10   Page 7 of 8

# PROPOSED FIRST DAY AGENDA

A. Retention and Interim Fee Procedures

    1. APPLICATION FOR ORDER APPROVING EMPLOYMENT OF WAGNER CHOI & VERBRUGGE AS COUNSEL TO THE DEBTOR

    2. MOTION FOR ORDER ESTABLISHING INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES

B. Financing and Cash Collateral

    3. MOTION FOR ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2);

    4. MOTION FOR ORDER AUTHORIZING DEBTOR TO OBTAIN INTERIM POST-PETITION FINANCING ON A SECURED AND SUPERPRIORITY BASIS AND SCHEDULING FINAL HEARING ON MOTION

C. Operational Matters

    5. MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY PRE- PETITION WAGES AND OTHER EMPLOYMENT-RELATED COSTS AND EXPENSES AND TO HONOR PRE-PETITION EMPLOYEE BENEFITS

3

U.S. Bankruptcy Court - Hawaii   #10-03340   Dkt # 11   Filed 11/01/10   Page 8 of 8